# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                                    CHAPTER 13 NO:

MARK A. KNIGHT                                                       16-11170

### NOTICE IS HEREBY GIVEN THAT A

### MOTION TO DISMISS CASE

**HAS BEEN FILED BY TERRE M. VARDAMAN, CHAPTER 13 TRUSTEE, IN THE ABOVE CAPTIONED CASE.**

**LAST DAY TO FILE OBJECTIONS OR RESPONSES IS: JUNE 21, 2019.**

Should any party receiving this notice respond or object to said motion, such response or objection is required to be filed with the Clerk of this Court and a copy served on the Attorney for Movant on or before said objection due date. If any objection or response is filed, a hearing will be scheduled by the Court; otherwise, the Court may consider said motion immediately after the objection or response due date.

### CERTIFICATE OF SERVICE

    I, Terre M. Vardaman, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing Notice along with the subject Motion, copy attached, to the Debtor, the Debtor's Attorney, all affected creditors, and the United States Trustee, all by United States Mail, postage prepaid.

DATED:    May 29, 2019.

_____
/S/ TERRE M. VARDAMAN

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                    CHAPTER 13 NO:

MARK A. KNIGHT                                       16-11170

## MOTION TO DISMISS

COMES NOW, Trustee, and files this her Motion to Dismiss the above styled and numbered case, and in support of same, would show unto the Court the following:

1. The Debtor's below-median plan was confirmed in June 2016, for a period of 60 months with 67.6% to unsecured creditors.
2. The Trustee received a check in the amount of $10,330.85 on behalf of the Debtor from Community Mortgage and Loans d/b/a Easy Finance of Iuka on or about May 20, 2019.
3. The Trustee's office called the creditor to inquire why the lump sum payment was being made, and was advised that they had "made the debtor a loan to pay off his bankruptcy case."
4. Upon information and belief, the Debtor did not obtain prior authorization of this Court to incur a new debt, as required.
5. The Debtor is ineligible for a discharge in this case, but that should not excuse him from the requirement of obtaining Court permission to borrow any more funds, nor should the Creditor be excused from extending credit to a debtor in bankruptcy.
6. This case should be dismissed for Debtor's failure to obtain permission from the Court to incur any new debt.
7. The Trustee has not yet deposited these funds in her trust account, and would show that the funds should be returned to the Creditor in full satisfaction of whatever loan they have extended to the Debtor in violation of the requirement that the Debtor obtain Court approval prior to incurring any post-petition debt.
8. Other grounds to be shown at the hearing hereon.

DATED:  May 29, 2019                 Respectfully submitted:

_____
/S/ JEFFREY K. TYREE, MSB#9049
ATTORNEY FOR TERRE M. VARDAMAN,
CHAPTER 13 TRUSTEE
PO BOX 1326, BRANDON MS 39043-1326
601-825-7663; vardaman13ecf@gmail.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Tyree, attorney for the Chapter 13 Trustee, do hereby certify that I have this day filed the foregoing with the clerk of this court using the CM/ECF system, and I further certify that I served a true and correct copy of same, either electronically or via United States Mail, postage prepaid, to the UNITED STATES TRUSTEE and the following:

| Mark A. Knight | Community Mortgage d/b/a Easy Finance | John C. Ross, Jr. |
|---|---|---|
| 102 Meadowbrook Circle | PO Box 223 | jcurleeross@gmail.com |
| Iuka, MS 38852 | Iuka, MS 38852 | |

Dated: May 29, 2019.                 _____
/S/ JEFFREY K. TYREE